IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| NELLIE NORVILLE,<br><br>    Plaintiff,<br><br>v.<br><br>MIG CAPITAL MANAGEMENT, INC.,<br>a Florida corporation,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>No.  2:12-CV-0219 |

## COMPLAINT

## INTRODUCTION

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and supplemental state law claims.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

3. This court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's federal question claim that they form part of the same case or controversy.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

5. Defendant MIG CAPITAL MANAGEMENT, INC. is a corporation organized under the laws of the State of Florida.  [Hereinafter, said Defendant is referred to as "MIG."]

6. MIG transacts business in this state.

7. MIG's transactions in this state give rise to the Plaintiff's cause of action.

8. MIG is subject to the jurisdiction and venue of this Court.

9. MIG may be served by personal service upon its registered agent in the State of Florida, to wit: Israel Gonzalez, 5811 Memorial Hwy., #208, Tampa, Florida 33615, or wherever said agent may be found.

10. Alternatively, MIG may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Florida.

## FACTS COMMON TO ALL CAUSES

11. MIG uses the mails in its business.

12. MIG uses telephone communications in its business.

13. The principle purpose of MIG's business is the collection of debts.

14. MIG regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

15. MIG is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

16. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, MIG communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

17. The alleged debt allegedly arose from a personal credit card account.

18. The alleged debt which MIG attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

19. During the 12 months directly preceding the filing of this complaint, MIG made telephone communications to Plaintiff.

20. It is the practice and procedure of MIG not to leave its business name in telephone voice mail communications to consumers such as Plaintiff.

21. It is the practice and procedure of MIG not to identify itself as a debt collector in telephone voice mail communications to consumers such as Plaintiff.

22. It is the practice and procedure of MIG not to disclose the purpose of the call in telephone voice mail communications to consumers such as Plaintiff.

23. In at least three telephone voice mail communication sent to Plaintiff, MIG did not meaningfully disclose its identity.

24. In at least three telephone voice mail communication sent to Plaintiff, MIG did not state that the communication was from a debt collector.

25. In at least three telephone voice mail communication sent to Plaintiff MIG, did not state that the purpose of the communication was an attempt to collect a debt.

26. MIG's ordinary course of business conduct violates multiple sections of the FDCPA.

27. MIG's policy for leaving messages with consumer debtors is intentional.

28. Alternatively, MIG's policy for leaving messages was measured and calculated.

29. In the telephone communications, MIG persistently used false threats of litigation, false urgency and court proceedings.

30. The false threats include, but are not limit to, the following:

31. That defendants will "...need to make a final decision on your behalf. If you would like your input to be considered" or words to that effect;

32. That defendants falsely implied litigation was currently pending.

33. At no time did the defendants have any intention of pursuing any litigation or any civil or criminal remedy against Mrs. Norville.

34. At no time have the defendants, nor any other party, commenced any civil or criminal legal action against Mrs. Norville.

35. All the telephone communications made by defendants were calculated to create a false impression as to the urgency and enforceability of the underlying debt.

36. All the telephone communications made by defendants, including but not limited to the false threats of pending criminal or civil litigation, were intended to cause emotional distress, worry, concern, and anxiety so as to coerce the Mrs. Norville into paying a debt.

37. The communications by defendants were consistent in content.

38. The communications by defendants were the result of intentional planning and scripting of the content of telephone communications.

39. Defendants violated the Federal Fair Debt Collection Practices Act.

40. Defendants violated Georgia's Fair Business Practices Act.

41. Defendants violated Georgia tort law.

42. The acts of the defendants have caused Plaintiff Mrs. Norville to experience emotional distress, anxiety, worry, and concern.

43. The defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

44. Accordingly, Plaintiff Mrs. Norville is entitled to an award of punitive damages sufficient to deter, penalize, and/or punish the defendants for their actions.

45. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

46. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

47. Defendant's violations of the FDCPA include, but are not limited to, the following:

48. Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person, in violation of 15 U.S.C. § 1692d;

49. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

50. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

51. The false representation of the character, amount or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

52. The threat to take an action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(4);

53. The failure to provide the disclosures required by 15 U.S.C. § 1692e(11);

54. The use of unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f;

55. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

**COUNT TWO: GEORGIA FAIR BUSINESS PRACTICES ACT**

56. Defendants' actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, the use of unfair or deceptive

acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

57. As a result of defendants' actions, Plaintiff is entitled to an award of 1) actual damages, including general damages for worry, concern, anxiety and emotional distress, 2) treble damages, 3) exemplary damages, as well as 4) an award of costs and attorney fees.

## COUNT THREE: STATE TORT LAW

58. The individual and combined acts of the Defendants constitute abusive collection, tortious infliction of emotional distress and invasion of privacy under State law.

59. As a result of defendants' actions, Plaintiff is entitled to relief including, but not limited to, 1) actual damages, including general damages for worry, concern, anxiety and emotional distress, 2) costs, 3) a reasonable attorney's fee, and 4) an award of punitive damages to penalize and punish defendants and to deter defendants from repeating such actions again in the future.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory, actual, treble, exemplary and punitive damages;

b) That Plaintiff be awarded costs and the expenses of litigation including a reasonable attorney fee; and

c) That the Court grant Plaintiff such further and additional relief as is just in the circumstances.

Respectfully submitted,

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory, actual, exemplary and punitive damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)  That the Court declare each and every defense raised by Defendant to be insufficient; and

d)  That the Court grant such further and additional relief as is just in the circumstances.

                        **SKAAR & FEAGLE, LLP**

      by:    /s/ James M. Feagle
            James M. Feagle
            Georgia Bar No. 256916
            jfeagle@skaarandfeagle.com
            108 East Ponce de Leon Avenue
            Suite 204
            Decatur, GA 30030
            404 / 373-1970
            404 / 601-1855 fax

            Kris Skaar
            Georgia Bar No. 649610
            krisskaar@aol.com
            Justin T. Holcombe
            Georgia Bar No. 552100
            jholcombe@skaarandfeagle.com
            P.O. Box 1478
            331 Washington Ave.
            Marietta, GA 30061-1478
            770 / 427-5600
            404 / 601-1855 fax